IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MESHA GERKEN, BRENDAN STARKEY
and HEATHER STARKEY,

                Plaintiffs,

v.                                                 No.: 1:19-cv-00860-LF-SCY

DOMENIC CHARLES MILES and
PROGRESSIVE DIRECT INSURANCE COMPANY,
d/b/a PROGRESSIVE NORTHERN INSURANCE
COMPANY,

                Defendants.

**PLAINTIFFS' MOTION TO STAY THE INSTANT ACTION PURSUANT TO THE *COLORADO RIVER* ABSTENTION DOCTRINE PENDING THE OUTCOME OF THE PARALLEL ACTION**

        Plaintiffs Mesha L. Gerken, Brendan Starkey and Heather Starkey (hereinafter the "Gerken-Starkey Family"), through counsel, Aequitas Law of New Mexico, LLC (David Z. Ring), hereby request that the Court enter an Order staying this action, pending the outcome of the previously filed, parallel action identified herein. In support thereof, Plaintiffs aver as follows:

**FACTS**

    1.      On May 10, 2018, Progressive Insurance Company brought suit against Mesha Gerken in Second Judicial District Court, case number D-202-CV-2018-03651.

    2.      On October 11, 2018, Plaintiffs, *pro se*, Mesha Gerken, Brendan Starkey, and Heather Starkey, filed a separate suit against Domenic Miles in Second Judicial District Court, case number D-202-CV-2018-07455.

    3.      On July 7, 2019, Plaintiffs, with counsel, amended their Answer to properly include third-party claims against Defendant Domenic Miles in case number D-202-CV-2018-03651.

4. On July 9, 2019, Plaintiff, through counsel, also amended her Complaint in case number D-202-CV-2018-07455.

5. The amended claims brought in both cases are identical.

6. On September 18, 2019, Plaintiffs Mesha Gerken, Brendan Starkey, and Heather Starkey filed a Motion to Consolidate the cases in the state court.

7. The case filed by Progressive, which was pending before the Hon. Victor S. Lopez was the first-filed case and the "lower case number" for purposes of consolidation before the state court.

8. On the same day, September 18, 2019, Domenic Miles, as third-party Defendant in case number D-202-CV-2018-03651, and a first-party Defendant in case number D-202-CV-2018-07455, filed twin notices of removal.

9. Domenic Miles reversed the order of case by filing the Notice of Removal as a first-party Defendant before filing the Notice of Removal as a third-party Defendant.

10. The "lower case number" case in the U.S. District Court for the District of New Mexico is therefore the "higher case number" in the state courts.

11. On October 10, 2019, Defendants/Counter-Plaintiffs/Third-Party Plaintiffs timely filed a Motion to Remand in 1:19-cv-00864-KG-LF, which is the removed case previously numbered D-202-CV-2018-03651.

12. As set forth in the Motion to Remand, third-party defendants may not remove a case. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1747, 204 L. Ed. 2d 34 (2019), *reh'g denied, Home Depot U.S.A., Inc. v. Jackson*, 2019 WL 3538074 (U.S. Aug. 5, 2019).

13. The Motion to Remand relies on a decision of the U.S. Supreme Court that clearly prohibits Third-party Defendant Dominic Miles' attempt to remove the first-filed case, 1:19-cv-00864-KG-LF.

14. On October 10th, 2019, counsel for Plaintiffs in the instant case, 1:19-cv-00860-WJ-SCY, which is the removed case previously numbered D-202-CV-2018-07455, asked counsel for Domenic Miles and counsel for Progressive for their respective positions on a Motion to Dismiss this case. Neither counsel responded.

15. On October 16th, 2019, counsel for Plaintiffs in the instant case, 1:19-cv-00860-WJ-SCY, which is the removed case previously numbered D-202-CV-2018-07455, asked counsel for Domenic Miles and counsel for Progressive for their respective concurrence or positions on a motion to stay the instant, duplicative action (1:19-CV-00860; D-202-CV-2018-07455) until the parallel, first filed action is determined in state district court (1:19-CV-00864; D-202-CV-2018-03651) under Colorado River abstention doctrine.

16. Counsel for Domenic Miles and counsel for Progressive ignored undersigned counsel's request for their positions and, instead, Domenic Miles' counsel filed a Motion to Consolidate the cases at the federal level.

17. Counsel for Progressive then provided his position on the Motion to Stay request. He informed counsel that he believed it was premature to request a stay until the just-filed Motion to Consolidate was addressed.

18. The request to consolidate the cases at the federal level is an attempt at an end-run around the fact that the other case, 1:19-cv-00864-KG-LF, cannot be removed.

19. Assuming the third-party defendant cannot find some substantial difference between his role as a third-party Defendant and the Supreme Court's ruling in Home Depot, *Id*., the other case will be remanded to the state court.

20. The state court has already made rulings in that case and that case will almost certainly proceed more quickly than the instant matter.

21. The interests of judicial economy and of avoiding conflicting evidentiary rulings strongly support staying this action.

22. Should the Court determine that a stay is not appropriate, the Gerken-Starkey Family asks that the Court grant leave for them to dismiss the instant action.

## ANALYSIS

I. **There is a Parallel Action that will be Remanded to State Court, The Claims in that Action are Identical, and the *Colorado River* Doctrine Strongly Favors Abstention.**

Under the *Colorado River* doctrine, where a federal court would otherwise have concurrent jurisdiction with a state court, the federal court may "dismiss or stay a federal action in deference to pending parallel state court proceedings." *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir.1994) (*citing Colorado River v. U.S*., 424 U.S. 800, 817, 96 S.Ct. 1236 (1976)). The federal court has discretion in such a situation to stay or dismiss the federal suit for reasons of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. at 1081 (*quoting Colorado River*, 424 U.S. at 817–18, 96 S.Ct. 1236) (quotation and quotation marks omitted).

In determining whether to stay an action, federal courts apply a two-part test. *Blue Rhino Corp. v. Stockgrowers State Bank of Ashland, KS*, 220 F.R.D. 369, 374-375 (D. Kan. 2004) (internal references omitted). First, the court must determine whether the state and federal actions are "parallel." *Id*., 220 F.R.D. at 374 (internal references omitted). In the Tenth Circuit, a court

assessing whether state and federal proceedings are parallel should consider the actual posture of the state proceedings, instead of considering "how the state proceedings could have been brought in theory." *Fox, Id*.

In this instance the parallel action is temporarily presently in front of the U.S. District Court for the District of New Mexico. Progressive Direct Insurance Company d/b/a Progressive Northern Insurance Company v. Gerken, 1:19-cv-00864-JHR-LF. However, based upon the U.S. Supreme Court's ruling in *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1747, 204 L. Ed. 2d 34 (2019), *reh'g denied, Home Depot U.S.A., Inc. v. Jackson*, 2019 WL 3538074 (U.S. Aug. 5, 2019), the parallel case must be remanded to the Second Judicial District Court. *See* Mot. Remand, Doc. #13, Progressive Direct Insurance Company d/b/a Progressive Northern Insurance Company v. Gerken, 1:19-cv-00864-JHR-LF.

Once the Court finds that the proceedings are parallel, it "must then determine whether deference to state court proceedings is appropriate" by looking at a series of nonexhaustive factors laid out in *Colorado River*: "(1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction." *Fox*, *Id*. at 1082. Other relevant factors may be "the vexatious or reactive nature of either the federal or the state action," "whether federal law provides the rule of decision," "the adequacy of the state court action to protect the federal plaintiff's rights," and "whether the party opposing abstention has engaged in an impermissible forum-shopping." *Fox, Id*. (citations omitted).

In this case, the claims in the parallel action are identical to the claims in this action. The claims are all state law claims. There is no federal question jurisdiction. The only alleged basis for federal jurisdiction is diversity—a purported diversity which arose when Defendant Domenic

Miles vacated himself from residency in New Mexico after the cause of action accrued, but before he was sued and served. The Tenth Circuit has stated that—should the court determine that deferral to the state proceeding is appropriate—the court should enter a stay, rather than dismiss the case. *Fox, Id.*, 16 F.3d at 1083 ("We think the better practice is to stay the federal action pending the outcome of the state proceedings.") (citations omitted).

"In the event the state proceedings do not resolve all the federal claims, a stay preserves an available federal forum in which to litigate the remaining claims, without plaintiff having to file a new federal action." *Id*. If the state court proceeding resolves all of the federal claims—or, in this case if the state court proceeding resolves all of the *state* claims that Defendant Domenic Miles seeks to have heard under diversity jurisdiction—then dismissal of the federal case may then be appropriate. In the instant case the parallel action must by necessity resolve all of the pending claims. Indeed, the instant action was only maintained to ensure that there was no statute of limitations defense available to Mr. Miles in the parallel case that would not be available to him in this action.

**II.     In the Alternative, the Gerken-Starkey Family Requests Leave to Dismiss the Case**

An Answer has been served by Mr. Miles and consequently dismissal requires the agreement of the entered parties or leave of the Court. Fed. R. Civ. P. 41(a)(2). Should the Court decide that a stay is inappropriate in this case, the Gerken-Starkey Family request leave to dismiss this action without prejudice—to avoid claims that a dismissal in this case would have any collateral effect on the other matter—as there is no need to litigate identical claims twice.

**III.    Conclusion**

As the parallel action must resolve all claims, as that action predates this one (despite the federal court-assigned case numbers), and given the progress already made toward resolution

therein, the balance of factors clearly weighs in favor of dismissal or a stay under Colorado River. In the alternative, the Gerken-Starkey Family requests leave to dismiss this case under Fed. R. Civ. P. 41(a)(2).

**WHEREFORE,** the Court should abstain from proceeding in this duplicative action pursuant to the Colorado River doctrine and enter a Stay herein or, in the alternative, grant the Gerken-Starkey Family leave to dismiss.

Respectfully Submitted,
**AEQUITAS LAW OF NEW MEXICO, LLC**

**"Electronically Filed"**
/s/ David Z. Ring
Attorneys for Mesha L. Gerken, Brendan Starkey, and Heather Starkey
5901 Wyoming Blvd NE Suite J-300
Albuquerque, NM 87109
(505) 263-8929
dave@aequitas.pro

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that counsel of record for Plaintiff has been served a copy of the foregoing document through the Court's CM/ECF electronic document filing and delivery service on the date indicated in the Court-affixed header.

**"Electronically Filed"**
/s/ David Z. Ring
Attorney for Mesha L. Gerken, Brendan Starkey, and Heather Starkey