IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MESHA GERKEN, BRENDAN STARKEY,
and HEATHER STARKEY,

    Plaintiffs,

v.                                                                                                                    1:19-cv-860-WJ-SCY

DOMENIC CHARLES MILES and
PROGRESSIVE DIRECT INSURANCE COMPANY,
d/b/a PROGRESSIVE NORTHERN INSURANCE COMPANY,

    Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO ACCEPT THEIR RESPONSE TO MOTION TO DISMISS AS TIMELY-FILED

THIS MATTER is before the Court on Plaintiffs' Motion to Accept Response to Motion to Dismiss as Timely-Filed (**Doc. 12**). Having reviewed the parties' briefing and considered the applicable law, the Court finds that the Motion is well-taken and is, therefore, **GRANTED**.

Plaintiffs responded to Defendant Domenic Charles Miles' Motion to Dismiss (Doc. 4) one day after the time to respond had lapsed under D.N.M.LR-Civ. 7.4. Plaintiffs admit that the tardiness of their filing was due to calendaring the response deadline under state court as opposed to federal court rules. (Doc. 12 at 1.) Defendant cites *Pioneer Inv. Servs. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 381 (1993), to support his opposition to Plaintiff's Motion. (*See* Doc. 19 at 3.) But this reliance is curious, given that the factors listed in *Pioneer Inv. Servs.*, actually weigh against Defendant here. The length of the delay is minimal, the reason for the delay is understandable, and Plaintiff acted in good faith by immediately filing the appropriate response brief and moving to correct the error. (*See* Docs. 13, 12.) Moreover, the Court is hard-pressed to find any prejudice suffered by Defendant as the result of the one-day late filing. In fact, if Defense

Counsel were operating under the assumption that Plaintiffs' tardiness by one day had any impact whatsoever on the Court's ability to review and render a decision on the motion to dismiss, then Defense Counsel are sadly mistaken.

While Plaintiffs' counsel should seek to avoid such errors in the future, it strikes the Court that this dispute is the sort of routine issue that can, and indeed should, be worked out between the Parties.  Professional courtesy is the lodestar which should drive the practice of law.  The Court strongly encourages the Parties to attempt to resolve future trivial disputes on their own without seeking intervention of the Court and adding further strain to the Court's already overloaded docket.[1]

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Accept Response as Timely-Filed (Doc. 12) shall be **GRANTED**.  Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. 13) shall be considered timely filed and shall be reviewed as part of the briefing on Defendant's Motion to Dismiss (Doc. 4).

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Wall Street Journal recently ran a story on the crushing criminal caseload in this Federal District Court and the impact the current district judge vacancies are having on this Court and the ability of judges to timely and efficiently adjudicate civil cases.  The article appeared in the Saturday, October 19, 2019, on-line edition of the Wall Street Journal and appeared in the Monday, October 21, 2019 print edition