IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MESHA GERKEN, BRENDAN STARKEY
and HEATHER STARKEY,
    Plaintiffs,

v.                                                                                              No.: 1:19-cv-00860-WJ-SCY

DOMENIC CHARLES MILES and
PROGRESSIVE DIRECT INSURANCE
COMPANY,
d/b/a PROGRESSIVE NORTHERN
INSURANCE COMPANY,

    Defendants.

### DEFENDANT DOMENIC CHARLES MILES'S RESPONSE TO PLAINTIFFS' MOTION TO STAY

**COMES NOW**, Defendant DOMENIC CHARLES MILES (hereinafter "Defendant"), by and through his attorneys, DEGRAAUW LAW FIRM, P.C. (J. Andrew deGraauw and Bryan M. Rowland), and hereby submits his Response to Plaintiffs' Motion to Stay. In support of his Response Defendant states as follows:

### I.    INTRODUCTION

Defendant generally agrees with the timetable described by Plaintiffs in their Motion. However, Plaintiffs make several incorrect statements in the narrative of their timeline that are significant. Plaintiffs first incorrectly state in Paragraph 2 of their Motion that Plaintiffs Brendan Starkey and Heather Starkey were parties in the underlying suit Plaintiff Mesha Gerken filed against Defendant in Second Judicial Court, case number D-202-CV-2018-07455, as the Starkey Plaintiffs are not named as parties in the suit until Plaintiff Mesha Gerken amends her complaint on July 9, 2019. *See* Plaintiffs' Motion to Stay, at ¶¶ 2 and 4, Document No. 16, Case No. 1:19-

cv-00860-WJ-SCY.  Plaintiffs then incorrectly imply that their third-party claims made against Defendant in the Second Judicial Court, case no. D-202-CV-2018-03651, were somehow pled prior to Plaintiffs' July 7, 2019 amended Answer, as Plaintiff Mesha Gerken's initial Answer only pled a counterclaim against the Plaintiff in that case, progressive Insurance, and made no claims, third-party or otherwise, against Defendant Miles. *See Id*. at ¶ 3.  These facts are important here because the first claims brought against Defendant in either case was brought solely by Plaintiff Gerken in the underlying case here, which only strengthens Defendant's argument that the underlying case is the proper case to consolidate the duplicative claims filed against the Defendant by the Plaintiffs.

Plaintiffs then attempt to distract the Court through assertions, of which Defendant generally denies as accurate in their form and substance, that are not relevant to the underlying question of whether their Motion to Stay under the *Colorado River* Abstention Doctrine is either proper or premature.  *See Id.* at ¶¶ 7-20.  However, what is clear from these assertions is there are pending opposed Motions to Remand and to Consolidate that are pending in case numbers 1:19-cv-00864 and 1:19-cv-00860 that clearly need to be decided before Plaintiffs' Motion to Stay should be considered.  The ultimate outcomes of these pending motions will have great bearing on this Motion.  Defendant strongly believes that Plaintiffs' Motion to Remand case number 1:19-cv-00864 will be denied and the court will grant Defendant's Motion to Consolidate the two cases.  This will of course make Plaintiff's Motion to Stay this case moot.  However, in the unlikely event that Plaintiffs Motion to Remand is not denied, Plaintiffs Motion to Stay under the *Colorado River* Abstention Doctrine or alternatively Plaintiffs' request to dismiss this underlying action should be denied as Plaintiffs have significantly failed to meet the very high burden set out by the

Supreme Court to stay a federal action in difference to a state action or to show a justifiable reason to dismiss the underlying action that would not significantly prejudice the Defendant.

## II.     ARGUMENT

**A.     The Colorado River Doctrine does not favor abstention here, because there is no parallel state court action at this time and Plaintiff has failed to argue any exceptional circumstances that would warrant such a disfavored action.**

Plaintiffs incorrectly argue that the *Colorado River* Doctrine favors abstention here, because there is no current parallel case in state court and the arguments for abstention made by Plaintiffs fail to rise to the exceedingly high bar of "exceptional circumstances." "[T]he decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance." *Fox v. Maulding*, 16 F.3d 1079, at 1081 (10th Cir. 1994) (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, at 19, 103 S.Ct. 927, at 938, 74 L.Ed.2d 765 (1983)).  Such discretion, however, must be held in the light of "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Fox,* 16 F.3d 1079 at 1081 (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, at 817-18, 96 S.Ct. 1236, at 1246, 47 L.Ed.2d 483 (1976)).  "Thus, declining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in "exceptional" circumstances." *Fox,* 16 F.3d 1079 at 1081 (citing *Colorado River*, 424 U.S. 800, at 818, 96 S.Ct. at 1246; *Moses H. Cone*, 460 U.S. at 19, 103 S.Ct. at 938).  In determining whether "exceptional circumstances" exist, the court must first determine whether the state and federal proceedings are parallel.  *See Fox,* 16 F.3d 1079 at 1081.  "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Fox,* 16 F.3d 1079 at 1081 (citing *New Beckley mining Corp. v. International Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991)).  The court examines the state proceedings

"as they actually exist to determine whether they are parallel to the federal proceedings." *See Fox,* 16 F.3d 1079, at 1081.  However, the mere existence of a parallel suits in state and federal proceedings does not by itself preclude parallel proceedings in federal court. *See Id.* at 1082.

Plaintiffs argument for abstention fails the first test established by the Supreme Court as there is no parallel state court action to consider.  The parallel action in question is actively in front of the U.S. District Court for the District of New Mexico, and not in state court. *See Progressive Direct Insurance Company v. Gerken*, 1:19-cv-00864-JHR-LF.  Plaintiffs' argument about their pending Motion to Remand in that case is both irrelevant, as the court has not made a decision on their motion, and wrong, as Defendant strongly believes the court will deny Plaintiffs' Motion. Plaintiffs' Motion is grossly premature and asks the court to ignore precedence and examine the parallel proceedings as Plaintiffs wish them to be and not as they are. *See Id.* at 1081.  This Motion should be denied on the grounds that it is premature, as there is no current parallel state action for the court examine.

Arguing in the alternative, in the unlikely event that Plaintiffs' Motion to Remand the parallel action to state court is not rejected, Plaintiffs' Motion to Stay should still be denied as Plaintiffs cannot show exceptional circumstances that warrant such an action.  In determining whether exceptional circumstances exist to exercise deference to a parallel state proceeding, the Supreme Court in *Colorado River* set forth a nonexclusive list of factors including: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal  litigation; and (4) the order in which the courts obtained jurisdiction. *See Fox,* 16 F.3d 1079 at 1082 (citing *Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246).  Other relevant factors can include "the vexatious or reactive nature of either the federal or

the state action", "whether federal law provides the rule of decision," and "whether the party opposing abstention has engaged in an impermissible forum-shopping." *Fox,* 16 F.3d 1079 at 1082 (citing *Moses H. Cone*, 460 U.S. at 18, 103 S.Ct. at 938). These factors should not be used as a "mechanical checklist," and instead a court should engage in "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Fox,* 16 F.3d 1079, at 1082 (citing *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937). "Only the clearest of justifications will warrant dismissal," *Fox,* 16 F.3d 1079 at 1082 (citing *Colorado River*, 424 U.S. at 819, 96 S.Ct. at 1247), and "any doubt should be resolved in favor of exercising federal jurisdiction." *Fox,* 16 F.3d 1079 at 1082; *see also Travelers Indem Co. v. Madonna*, 914 F2d 1364, 1369 (9th Cir. 1990).

Plaintiffs' Motion fails to provide any analysis of these factors, other than reiterating that Defendant's removal to federal court is based upon diversity, as Defendant does not reside in New Mexico. Plaintiff offers no arguments that this removal is improper, and that Defendant does not have the right to removal. An analysis of the circumstances of these parallel cases against the factors discussed above leaves little doubt that abstention is not warranted here, because the forum offers no inconvenience to the Plaintiffs and Defendant has not engaged in improper forum-shopping. Additionally, the risk of piecemeal litigation is unknown at this time as Defendant has several Motions to Dismiss pending on statute of limitations grounds, where the timelines and arguments vary significantly between these two parallel cases. Depending on the outcome of these Motions, these cases may not parallel each other anymore.

Finally, the order of the courts obtained jurisdiction is important and weighs against abstention here, because this remains the initial case brought against Defendant Miles by

Defendant Gerken and staying or dismissing this case would create a significant prejudice against the Defendant as his federal right to removal for diversity is substantially greater as a first-party defendant.  *See generally Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 204 L.ED.2d 34 (2019) (holding that third-party defendant's do not have the right of removal to federal court).  Furthermore, Plaintiffs' argument that the parallel case has proceeded further than the instant action has no bearing on Defendant Miles as he was served with claims from both cases at the same time, and immediately moved to remove to federal court.  Although Defendant disagrees with Plaintiffs' assessment that significant progress and rulings have been made in the parallel case, any proceedings that have occurred have been without Defendant Miles as a party.  In the absence of a clear justification to warrant dismissal or a stay in Plaintiffs' instant Motion, it should be denied as resolution favors the exercise of federal jurisdiction.

**B.     Plaintiffs' Alternative Request for leave of the court to voluntarily dismiss this suit should be denied, because such a dismissal would be plainly prejudicial to Defendant Miles.**

Plaintiffs' request for leave of the court to voluntarily dismiss this case under Fed. R. Civ. P. 41(a)(2) is a blatant attempt at an end-run around of Defendant Miles's right of removal to federal court for diversity and should be denied because of the requests clear prejudice against Defendant.  "The court should permit a Rule 41(a)(2) dismissal only when it will not prejudice the defendants." *Ibeto Petrochemical Industries, Ltd. v. M/T "Beffen"*, 412 F.Supp.2d 285, 290, 64 Fed.R.Serv.3d 57 (S.D.N.Y. 2005); *see Wakefield v. Northern Telecom, Inc.,* 769 F2d 109, 114 (2nd Cir. 1985); *see also Jones v. Securities and Exchange Commission*, 298 U.S. 1, 19, 56 S.Ct. 654 (1936) (stating the general rule that a Plaintiff's general right to dismiss is defeated by a plain legal prejudice resulting to a defendant).  Defendant Miles would be clearly prejudiced by the

dismissal of this action, because it would thwart his right to remove the claims made against him to federal court under diversity.  Plaintiff Gerken chose to sue Defendant Miles in this suit, long before making a strategic decision to make nearly identical third-party claims against him in an effort to avoid allowing Defendant his right of removal.  Defendant Miles has proposed, through his Motion to Consolidate, a more reasonable solution to the quagmire caused by Plaintiffs' identical claims being brought in two different suits.  The Motion to Consolidate would not be prejudicial to any one party and would resolve virtually all of the concerns alleged in Plaintiffs' Motion.  For these reasons, Plaintiffs' request for a voluntary dismissal should be denied.

### III.   Conclusion

Plaintiffs Motion to Stay fails the *Colorado River* Doctrine's first test in determining whether abstention of federal jurisdiction is appropriate, because there are no parallel cases currently pending in state court.  Even if Plaintiffs' Motion were to survive this first test, the strong apprehension of federal courts to relinquish its jurisdiction is fatal to Plaintiffs' arguments, because Plaintiffs' Motion does not provide any "exceptional circumstances" that would warrant abstention.  Finally, Plaintiffs' alternative argument requesting leave to voluntarily dismiss this case should be seen by this court as an obvious attempt to thwart Defendant's rights to removal to federal court and should be rejected as prejudicial to Defendant Miles.  For these reasons, Defendant requests that his Motion to Consolidate and Motions to Dismiss be considered and decided prior to this pending motion, and that Plaintiffs' Motion to Stay and Plaintiffs' request for leave of the court to voluntarily dismiss this case should both be denied.

**WHEREFORE**, Defendant prays the Court reserves any decision on this motion until Defendant's Motion to Consolidate and Motions to Dismiss are decided and denies Plaintiffs'

Motion to Stay and Plaintiffs' request for voluntary dismissal.

        Respectfully submitted,

        **DEGRAAUW LAW FIRM, P.C.**

By:   */s/ Bryan M. Rowland*
      J. Andrew deGraauw
      Bryan M. Rowland
      *Attorneys for Defendant Miles*
      316 Osuna Road, NE - Suite 302
      Albuquerque, NM 87107
      Telephone: (505) 322-2144
      drew@dglawfirmpc.com
      bryan@dglawfirmpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2019, I filed the foregoing pleading electronically through the CM/ECF, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

David Z. Ring
AEQUITAS LAW OF NEW MEXICO
5901 Wyoming Blvd. NE, Ste. J-300
Albuquerque, NM 87109
Phone: (505) 263-8929
dave@aequitas.pro

Richard M. Padilla
Jeffrey M. Mitchell
O'Brien & Padilla, P.C.
6000 Indian School Rd. NE, Ste. 200
Phone: (505)883-8181
rpadilla@obrienlawoffice.com
jmitchell@obrienlawoffice.com


 */s/  Bryan M. Rowland*
J. Andrew deGraauw
Bryan M. Rowland